J-A18036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK EDWARD NEBERDOSKY JR., | |
| Appellant | No. 1590 MDA 2015 |

Appeal from the Judgment of Sentence Entered July 21, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004466-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED NOVEMBER 18, 2016**

Appellant, Mark Edward Neberdosky Jr., appeals from the judgment of sentence of four (4) to eight (8) months' incarceration followed by two (2) years' probation, imposed after he was convicted of Theft by Unlawful Taking-Movable Property, Receiving Stolen Property, and Criminal Mischief-Tampering with Property.  On appeal, Mr. Neberdosky challenges the sufficiency of the evidence to support his convictions.  For the reasons stated herein, we reverse Mr. Neberdosky's convictions and vacate his judgment of sentence.

Mr. Neberdosky's convictions arose from the theft of a $2050 security system that went missing from a picnic grove.  Before the security system

_____

[*] Former Justice specially assigned to the Superior Court.

was taken, it recorded video footage of Mr. Neberdosky taking beer from the picnic grove's refrigerator. The Commonwealth then charged Mr. Neberdosky with the crimes connected to the missing security system cited *supra*.[1] It contended that Mr. Neberdosky returned, approximately 36-48 hours after the beer theft, to steal the security camera that he knew had recorded his prior theft. At trial, a jury found Mr. Neberdosky guilty of the above-stated offenses. After his sentencing, Mr. Neberdosky filed a post-sentence motion, which the trial court denied on August 11, 2015. Mr. Neberdosky subsequently filed a timely notice of appeal on September 9, 2015.

On appeal, Mr. Neberdosky raises a single issue for our review:

1. Was there sufficient evidence established at trial to support convictions related to any offense premised upon Mr. Neberdosky taking and/or damaging security equipment?

Mr. Neberdosky's Brief at 3.

Initially, we set forth our standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for

---

[1] Mr. Neberdosky was charged with Count 1, Theft by Unlawful Taking-Movable Property in an amount in excess of $2,000; Count 2, Receiving Stolen Property in an amount in excess of $2,000; and Count 3, Criminal Mischief-Tampering with Property in an amount in excess of $1,000. ***See*** Trial Court Opinion (TCO), 12/15/15, at 1; Commonwealth's Brief at 3.

the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted). Further, "[w]hile a criminal conviction may rest upon wholly circumstantial evidence, it may not be based upon mere surmise or conjecture." ***Commonwealth v. Stores***, 463 A.2d 1108, 1112 (Pa. Super. 1983) (citations omitted). "Evidence of mere presence at or near the scene of a crime is precisely the kind of circumstantial evidence that does require surmise or conjecture." ***Id.*** (citations omitted). Accordingly, "[w]here the only evidence is evidence of presence at or near the scene of a crime, we have consistently held the evidence insufficient to establish guilt beyond a reasonable doubt." ***Id.*** (citations omitted).

Mr. Neberdosky challenges the sufficiency of the evidence to support his convictions. "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." ***See*** 18 Pa.C.S. § 3921(a) (defining Theft by Unlawful Taking or Disposition-Movable Property). Relatedly, a person is guilty of

Receiving Stolen Property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a). "Receiving" is defined as "acquiring possession, control or title, or lending on the security of the property." 18 Pa.C.S. § 3925(b). Finally, criminal mischief occurs when a person "intentionally or recklessly tampers with tangible property of another so as to endanger person or property[.]" 18 Pa.C.S. § 3304(a)(2).

In the case *sub judice*, the trial court summarized the totality of evidence presented at Mr. Neberdosky's jury trial as follows:

> During the trial, a video was produced showing the property being removed by an individual that the Commonwealth alleged was [Mr. Neberdosky]. In addition two (2) witnesses identified Mr. Neberdosky and testified that it was Mr. Neberdosky that took the property. [The picnic grove's owner] testified that his property was taken without his permission.

> There were witnesses who identified [Mr. Neberdosky] along with video that showed that an individual walked onto the grove property, went into a gazebo, went into a refrigerator of the gazebo, opened it and found an unopened twelve (12) pack of beer. The video also shows the individual took the beer [and] began leaving. The twelve (12) pack of beer did not belong to the individual and he had no right to be there.

> In addition, the testimony at trial shows that as he is about to walk away, the individual looks up and sees a video surveillance system. The video shows [Mr. Neberdosky] looking directly at the video surveillance system as he hustled away.

> Within the next forty-eight (48) hours[,] an individual returned to the same picnic area … and stole the entire camera system. There is no video of this theft because the camera

system was taken. At trial[,] witnesses testified that the man on the video and in the photographs taking the beer was Mr. Neberdosky.

TCO at 3-4.

Mr. Neberdosky argues that "the evidence was insufficient to hold [him] culpable for any conduct related to the video security system." Mr. Neberdosky's Brief at 10. Specifically, he asserts that "there is less than mere presence at the time of the offense. At most, there was mere presence at some time as much as two (2) days before the offense…." *Id.* We agree.

The crux of the Commonwealth's case was that Mr. Neberdosky returned to the picnic grove to steal the security system because he *knew* it had recorded him swiping the beer. However, the security video of Mr. Neberdosky stealing beer does not contain sufficient evidence demonstrating that he *realized* he was being recorded. In fact, after closely viewing the recording, a reasonable juror could not have concluded that Mr. Neberdosky *knew* he was being recorded at all. The video shows Mr. Neberdosky generally scanning the picnic grove, as he walks through the pavilion and peers into an unlocked container and refrigerator. As he is leaving the picnic grove, Mr. Neberdosky momentarily turns his head in the direction of the video camera. Mr. Neberdosky was too far from the camera to clearly see if his eyes made contact with the camera. Moreover, the Commonwealth presented no evidence as to the size of the camera and whether it was easily visible to a passerby. Therefore, to say that this head turn establishes that

Mr. Neberdosky "knows he's caught" is specious when viewing the security video in its entirety. *See* N.T Jury Trial, 6/8/15, at 79 (testimony of Pennsylvania State Trooper Lisa Ann Brogan). Mr. Neberdosky had just perused the whole pavilion; he was bound to eventually look in the direction of the security camera. That alone does not support a finding that Mr. Neberdosky *knew* the security system existed in order for him to subsequently steal it.

Furthermore, the testimony at trial indicates that other individuals could have accessed the picnic grove in the time period between the beer theft and the subsequent theft of the surveillance system. The owner of the picnic grove, Joseph P. Hudock, testified as follows:

[The Commonwealth:] [] Do you own a picnic area in Plymouth Township?

[Mr. Hudock:] Yes….

[The Commonwealth:] And what's the purpose of that picnic area?

[Mr. Hudock:] We rent it out for mostly graduation parties, clambakes, that type of thing.

[The Commonwealth:] And where is the location of this picnic area? Is it off the side of the road? It is near the road?

[Mr. Hudock:] It's right behind Route 11 behind Pulver's Trucking Garage in West Nanticoke.

[The Commonwealth:] So is that a sort of secluded area?

[Mr. Hudock:] *No, it's pretty open*.

[The Commonwealth:] Would somebody know where it is? Or would someone need directions to get there?

[Mr. Hudock:] There's a sign right on Route 11 pointing down the road towards it.

N.T. Jury Trial, at 40 (emphasis added). Additionally, Lisa Ann Brogan, a trooper for the Pennsylvania State Police, testified to the following:

[The Commonwealth:] Can you describe the grove to the jury[?]

[Trooper Brogan:] The West Nanticoke Grove is a picnic area that sits -- it's kind of parallel to Route 11. However, it sits back by the river. **It's an open picnic area**, and there are really no houses. It's just like a pavilion and a grassy area for parties. It's very secluded … you would really have to know your way to get back there.

N.T. Jury Trial, at 73 (emphasis added). While their testimony conflicts in some aspects, it is undisputed that the picnic grove was "open," signifying that **anyone** could have accessed it.

We therefore conclude that there was insufficient evidence to establish, beyond a reasonable doubt, that Mr. Neberdosky stole the security system. An inference that Mr. Neberdosky would steal the security camera in order to cover up his theft of the beer is nothing more than mere surmise and conjecture. **See Stores**, 463 A.2d at 1112 (citations omitted). At trial, the Commonwealth only proved that Mr. Neberdosky had been present at the picnic grove roughly 48 hours prior to the theft of the surveillance system. It is well-settled that evidence of presence cannot prove guilt beyond a reasonable doubt. **Id.** Further, the Commonwealth failed to prove that the circumstances here "fit so tightly together as to exclude beyond a reasonable doubt the possibility that someone else" could have taken the surveillance system. **See id.** at 1110 (citations omitted). Consequently, Mr.

Neberdosky's convictions must be reversed and his judgment of sentence vacated.

Judgment of sentence reversed. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins this memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016